# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE A. DAUL,

          Plaintiff,

v.                                        Case No. 17-CV-511

BUSSE, et al.,

          Defendants.

## ORDER

## ORDER

On November 2, 2017, U.S. District Court Judge William Griesbach screened plaintiff Jesse Daul's *pro se* complaint. (ECF No. 20.) In defining the only claims with which Daul was permitted to proceed, Judge Griesbach stated:

> The Court will, however, allow plaintiff to proceed against John Doe(s) based on his allegations that he was served "inconsistent, watered down and undersized portions' of food that 'exacerbated [his] mental health condition." (ECF No. 18-1 at 7.) "The Constitution mandates that prison officials provide inmates with nutritionally adequate food that is prepared and served under conditions which do not present an imminent danger to the health and well-being of the inmates who consume it." *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citation and internal quotes omitted). Plaintiff's allegations that he complained about the limited nutritional value of the food without response are sufficient for him to proceed on an Eighth Amendment claim.

*(Id.* at 9-10.)

When Judge Griesbach allowed Daul to proceed with these claims, Daul did not know the names of the defendants, so he used John Doe placeholders. Judge Griesbach instructed Daul to use discovery to identify the real names of the Doe defendants and, once identified, to file a motion to substitute the real names for the Doe placeholders. The case was then reassigned to this court.

On January 11, 2018, Daul filed a motion to substitute, as ordered. (ECF No. 26.) Despite the limited nature of the claims with which he was allowed to proceed, he sought to substitute thirty-seven individuals for the Doe placeholders. Daul organized these defendants into three groups: 1) Aramark employees who were responsible for the preparation of the nutritionally inadequate food; 2) Aramark employees and jail staff who "provided no legitimate administrative remedy regarding grievances on Aramark's meals as served"; and 3) jail staff who refused to contact Aramark or jail administration to correct food issues after Daul complained. (ECF No. 26 at 2.)

The next day, the court granted, in part, Daul's motion to substitute, allowing him to substitute the first and third groups of names for the Doe placeholders but not the second. With regard to the second group, the court held that Judge Griesbach had not allowed Daul to proceed on such a claim. (ECF No. 27.) On January 26, 2018, Daul filed a document objecting to the court's denial of his request to substitute the second group of names for the Doe placeholders. (ECF No. 30.)

The court has reviewed Daul's amended complaint (ECF Nos. 18-1, 21) as well as Judge Griesbach's screening order. Construing Judge Griesbach's order broadly, the court finds that he intended to include Daul's second group of defendants when he allowed Daul to proceed against individuals to whom "he complained about the limited nutritional value of the food without response." (ECF No. 20 at 9-10.) The court therefore will allow Daul to substitute the second group of names for the Doe placeholders, in addition to the first and third groups.

Finally, Daul filed a motion on January 26, 2018, asking that he be allowed to add Anderson to his January 26, 2018 objections because he mistakenly failed to include Anderson in his objections. (ECF No. 31.) The court will grant Daul's motion.

**THEREFORE, IT IS ORDERED** that the clerk's office shall update the docket to include defendants Anderson, Weed, Leyendecker, Bergh, O'Conner, Nelson, Mekash, Cieslewicz, Trinker, Timreck, Michaels, Halasi, Rhode, and Frost as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendants Anderson, Weed, Leyendecker, Bergh, O'Conner, Nelson, Mekash, Cieslewicz, Trinker, Timreck, Michaels, Halasi, Rhode, and Frost pursuant to Federal Rule of Civil Procedure 4. Daul is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the

court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give Daul information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendants Anderson, Weed, Leyendecker, Bergh, O'Conner, Nelson, Mekash, Cieslewicz, Trinker, Timreck, Michaels, Halasi, Rhode, and Frost shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that Daul's motion to supplement (ECF No. 31) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 8th day of February, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge