# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JESSE AARON DAUL,**

        **Plaintiff,**

    **v.**                       **Case No. 17-CV-511**

**BUSSE, et al.,**

        **Defendants.**

## ORDER

Plaintiff Jesse Daul, who is representing himself, filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated. On November 2, 2017, U.S. District Court Judge William Griesbach (the judge assigned to the case at that time), screened Daul's complaint and allowed him to proceed on an Eighth Amendment claim against individuals who allegedly prepared and served Daul "inconsistent watered down and undersized portions" of food and against individuals to whom Daul allegedly complained about the food without response. (ECF No. 20 at 9-10.)

Because Daul did not know the names of the individuals who allegedly violated his constitutional rights, he used John Doe placeholders in his amended complaint.

Judge Griesbach ordered that Brown County Sheriff John Gossage be named as a defendant for the limited purpose of identifying the Doe defendants. His order allowed Daul to serve discovery requests on Sheriff Gossage so Daul could identify the real names of the Doe defendants. Judge Greisbach's order stated that, once Daul has identified the real names of the Doe defendants and moved to substitute the real names for the Doe placeholders, the court would then dismiss Sheriff Gossage as a defendant. (ECF No. 20 at 10.)

On January 11, 2018, Daul filed a motion to substitute the real names of the Doe defendants. (ECF No. 26.) The court granted Daul's motion. (ECF Nos. 27, 32.)

On February 15, 2018, Daul filed a motion to compel, asking the court to order Sheriff Gossage's attorneys to explain why they provided "selective, limited, [and] incomplete" responses to his discovery requests. (ECF No. 34.) The court will deny Daul's motion. Now that there are named defendants, Sheriff Gossage is dismissed as a defendant.

Daul should direct his discovery requests to the named defendants. However, he may do so only *after* they respond to Daul's amended complaint and *after* the court enters a scheduling order setting deadlines for discovery and the filing of dispositive motions. To be clear, Daul may not begin discovery until the court enters a scheduling order allowing him to do so. If, in the course of discovery, Daul discovers that there are

2

additional individuals who he believes should be named as defendants, he may file a motion to amend his complaint pursuant to Fed. R. Civ. Pro. 15 and Civil L.R. 15.

## ORDER

**IT IS THEREFORE ORDERED** that Daul's motion to compel (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Sheriff John Gossage is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 1st day of March, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

additional individuals who he believes should be named as defendants, he may file a motion to amend his complaint pursuant to Fed. R. Civ. Pro. 15 and Civil L.R. 15.

## ORDER

**IT IS THEREFORE ORDERED** that Daul's motion to compel (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Sheriff John Gossage is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 1st day of March, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge